U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUL 25 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| OMAR MUHAMMAD a/k/a OMAR ROBINSON | CIVIL ACTION NO. 08-607 |
| VS. | SECTION P |
| DEPARTMENT OF HOMELAND SECURITY, ET AL | JUDGE MINALDI MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Petitioner Omar Muhammad filed a petition for writ of habeas corpus (28 U.S.C. §2241) on May 5, 2008. At the time of filing, he was an inmate at FDC-Oakdale, Oakdale, Louisiana. [Doc. 1]. On May 23, 2008, a notice from the court providing petitioner with information on his case was returned to the court with the notation "rts/refused/unable to forward." [Doc. 4]. The document had been mailed to petitioner at the last address supplied.

### LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (quoting *Link*, 370 U.S. at 629-30, 82 S. Ct. at 1388, 8 L. Ed. 2d (5th Cir. 1997).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a . . . pro se litigant to

keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's petition be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Lake Charles, Louisiana, on the 26th day of July, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

2